IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

**DIANA MEY,**
**individually and on behalf of a class of all**
**persons and entities similarly situated,**

        **Plaintiff,**

v.                                   Case No.   5:20-CV-33 (Bailey)

**LIBERTY BANKERS LIFE INSURANCE COMPANY,**

        **Defendant.**

> ELECTRONICALLY FILED
> Feb 14 2020
> U.S. DISTRICT COURT
> Northern District of WV

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. According to the Federal Trade Commission's December 2017 Biennial Report to Congress, the emergence of new communications technologies has caused the number of illegal telemarketing calls to explode in recent years. Consumer complaints to the FTC about illegal calls have more than quintupled over the last ten years, growing from about 63,000 per month in 2009 to an average of more than 450,000 per month in fiscal year 2019.

2. The sheer volume of illegal telemarketing overwhelms the enforcement efforts of government agencies such as the FTC and the Federal Communications Commission. Consequently, private consumer enforcement actions, which Congress authorized when it enacted the Telephone Consumer Protection Act ("TCPA") in 1991, play a critical role in combatting illegal telemarketing.

3. Plaintiff brings this action to enforce the TCPA in the face of illegal telemarketing by Liberty Bankers Life Insurance Company, to enforce the TCPA's strict limits on telemarketing calls placed through automated telephone dialing systems ("ATDS") and artificial

or prerecorded voice messages, as well as calls placed to numbers listed on the Do Not Call Registry. On behalf of the proposed classes defined below, Plaintiff seeks statutorily-authorized damages of $500-$1500 per illegal call, as well as injunctive relief requiring Defendant to comply with the law.

**Parties**

4. Plaintiff Diana Mey resides in this District.

5. Defendant Liberty Bankers Life Insurance Company is a Texas corporation that transacts business throughout the United States, including in this district.

**Jurisdiction & Venue**

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the automated calls to the Plaintiff— occurred in this District.

**Statutory Background**

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9. Perhaps the most well-known aspect of the TCPA was the creation of the National Do Not Call Registry. By adding a telephone number to the Registry, a consumer indicates her desire not to receive telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2).

10. The TCPA makes it unlawful to (1) make calls to cellular telephone lines using an

"automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

11. The FCC has explained that such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and can be costly and inconvenient.

12. The TCPA and its implementing regulations also prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

13. On July 22, 2019, the Defendant made an automated telemarketing call to Ms. Mey's cellular telephone line, (304) 242-XXXX, a number that had been listed on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

14. When Ms. Mey answered the call, a sales representative began reading a scripted pitch for final expense insurance.

15. The caller eventually identified himself as a "licensed professional here in your state".

16. To identify the company, who was not properly identified at the beginning of the call, Ms. Mey engaged the telemarketer.

17. Eventually, "Eric" revealed that he was with Liberty Bankers Life Insurance Company and that he was licensed in West Virginia.

18. "Eric" then disconnected the call.

19. Ms. Mey received similar telemarketing calls on July 29, October 4, and October 8, 2019.

20. The calls all followed a similar pattern.

21. When the Plaintiff, or her answering machine, received the call there was a clicking sound and then an initial long pause.

22. The pause signifies the algorithm of the predictive dialer operating. The predictive dialer dials thousands of numbers at once and only transfers the call to a live agent once a human being is on the line.

23. Based on the ability to engage in predictive dialing, the dialing system used can also likely produce numbers using a sequential number generator and dial them automatically.

24. The dialing system can do this by inputting a straightforward computer command.

25. Following that command, the dialing system will sequentially dial numbers.

26. First, it would dial a number such as (555) 000-0001, then (555) 000-0002, and so on.

27. This would be done without any human intervention or further effort.

28. Ms. Mey never gave the Defendant consent to call her cellular phone using an autodialer.

29. Before filing this lawsuit, Ms. Mey wrote to the Defendant, but did not receive a response.

**Class Action Allegations**

30. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of all other persons or entities similarly situated throughout the United States.

31. The classes of persons Plaintiff proposes to represent include:

4

CLASS 1 (Count One):

>All persons within the United States to whom, within the four years prior to the filing of this action, Defendant, or a third party on its behalf (a) placed a call on a cellular telephone line, (b) using equipment that has the capacity to dial numbers automatically without human intervention, (c) without prior express consent of the recipient evidenced in the Defendant' records.

CLASS 2 (Count Two):

>All persons within the United States (a) whose telephone numbers were listed on the Do Not Call Registry for at least 31 days, and (b) to whom Defendant, or a third party on its behalf, initiated more than one call within any twelve month period at any time within for years prior to the filing of this action, (c) to promote the sale of its products or services.

32.    Excluded from the class are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

33.    The proposed class members are identifiable through phone records and phone number databases that will be obtained through discovery.

34.    The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

35.    Plaintiff is a member of the classes.

36.    There are questions of law and fact common to Plaintiff and the proposed classes, including but not limited to:

>a. Whether the Defendant used an automatic telephone dialing system to send telemarketing calls;
>
>b. Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;
>
>c. Whether the Defendant placed more than one call within a 12-month period to numbers on the Do Not Call Registry;
>
>d. Whether the Defendant's violations of the TCPA were negligent, willful, or knowing; and

     e. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

  37. Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of, the claims of class members.

  38. Plaintiff is an adequate representatives of the classes because her interests do not conflict with the interests of the classes, she will fairly and adequately protect the interests of the classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

  39. The actions of the Defendant are applicable to the classes and to Plaintiff.

  40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and through reliable databases.

  41. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

  42. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions prohibiting
### autodialed calls to cell phones

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The Defendant violated the TCPA, either directly or through the actions of others, by initiating a telephone call to Plaintiff's cellular telephone lines using an automatic telephone dialing system. *See* 47 U.S.C. § 227(b)(1)(A).

45. The Defendant's violations were willful and/or knowing.

### Count Two:
### Violation of the TCPA's Do Not Call provision

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The Defendant violated the TCPA, either directly or through the actions of others, by initiating more than one telephone call to the Plaintiff in a twelve-month period while her number was on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c).

48. The Defendant's violations were willful and/or knowing.

### Relief Sought

Plaintiff requests the following relief:

A. That the Court certify the proposed classes;

B. That the Court appoint Plaintiff as class representative;

C. That the Court appoint the undersigned counsel as counsel for the class;

D. That the Court enter a judgment permanently enjoining the Defendant from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing using an ATDS or calling numbers on the National Do Not Call Registry;

E. That Defendant and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

F. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation;

G. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of this Complaint so triable.**

Plaintiff,
By Counsel,

 */s/ Jonathan R. Marshall*
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Sharon F. Iskra (WV Bar No. 6582)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

Edward A. Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

*Counsel for Plaintiff*